IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHON SVEN VOOG,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DETAINING DEFENDANT<br><br><br>Case No. 2:17-CR-236 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Review of Detention. The Court held a hearing on the Motion on May 11, 2017. For the reasons discussed below, the Court will order Defendant be detained pending trial.

## I. BACKGROUND

Defendant is charged in an Indictment with being a felon in possession of a firearm and three counts of possession of a controlled substance. Magistrate Judge Braithwaite conducted a detention hearing on April 24, 2017. At the conclusion of that hearing, Judge Braithwaite ordered Defendant detained. Defendant now seeks review of that decision.

## II. DISCUSSION

The Court considers Defendant's request for a review of the Magistrate Judge's order of detention under 18 U.S.C. § 3145(b) and DUCrimR 57-16(a)(1). The Court conducts its own de novo review of the detention issue giving no deference to the Magistrate Judge's findings or

1

conclusions.[1] In so doing, the Court may elect to start from scratch and take evidence—whether or not new evidence is proffered—and also may incorporate the record of the proceedings conducted by the Magistrate Judge, including any exhibits.[2]

In making its determination, this Court, like the Magistrate Judge, is governed by the standards set forth in 18 U.S.C. § 3142. Under that statute, an accused is ordinarily entitled to pretrial release, with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community."[3] The government must prove risk of flight by a preponderance of the evidence and it must prove dangerousness to any other person or to the community by clear and convincing evidence.[4]

To determine whether there are conditions of release that will reasonably assure the appearance of Defendant and the safety of any other person and the community, this Court considers the following factors:

> (1) The nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance [or] firearm . . .;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

---

[1] DUCrimR 57-16(a)(1) (providing for de novo review of detention orders); *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002); *see also United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) (holding that district court's review under §3145(a) is de novo).

[2] *Lutz*, 207 F. Supp. 2d at 1251.

[3] 18 U.S.C. § 3142(b), (c), and (e).

[4] *Cisneros*, 328 F.3d at 616.

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .[5]

Considering the evidence here, the Court will order Defendant be detained pending trial.

First, the Court considers the nature and circumstances of the offense charged, including whether the offense involves a controlled substance and/or a firearm. Here, Defendant is charged with being a felon in possession of a firearm and possession of controlled substances. These are serious offenses involving firearms and controlled substances. Therefore, this factor weighs in favor of detention.

Second, the Court considers the weight of the evidence. The Indictment provides probable cause that Defendant committed the offense.[6] In addition, the government detailed its evidence at the hearing on the Motion. That evidence, while circumstantial, appears strong. Therefore, this factor weighs in favor of detention. Defendant argues that there may be viable defenses and/or suppression issues. Defendant can renew his Motion once those issues have been more fully developed.

Third, the Court considers the history and characteristics of the person. Mr. Voog is a 34 year old man with a significant criminal history. To his credit, he does not appear to have a history of violent criminal conduct. However, his prior history is similar to that charged in the instant case, namely the illegal possession of weapons and narcotics. In addition, Mr. Voog is unemployed and currently homeless. At the hearing, Mr. Voog stated that he could obtain

---

[5] 18 U.S.C. § 3142(g).

[6] *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991).

housing and employment if released. However, the Court has not been provided sufficient information to verify these claims. Additionally, Mr. Voog has a long history of substance abuse and is charged here with possession various controlled substances. Finally, Defendant has a history of non-appearance and non-compliance. Defendant's Motion states that his non-appearance was the result of him being in custody in other jurisdictions, making him unavailable to answer charges in other states. While this may explain some of the charges, Defendant does have arrests for contempt of court, obstruction of justice, providing false information, and giving false personal identity to an officer. These charges call into question Defendant's credibility, including whether Defendant would comply with release conditions. In sum, these considerations weigh in favor of detention.

Finally, the Court considers the nature and seriousness of the danger to any person or the community that would be posed by the person's release. For many of the same reasons set forth above, this factor weighs in favor of detention.

### III. CONCLUSION

Based on the above, Defendant is ordered detained pending trial. Defendant poses a risk of flight and detention is required to assure the safety of any other person and the community.

DATED this 11th day of May, 2017.

BY THE COURT:

Ted Stewart
United States District Judge